RECEIVED
FEB 3 2003
McDermott, Will & Emery

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**
**CASE NO. 02-571-KSF**

Eastern District of Kentucky
FILED

JAN 2 8 2003

AT LEXINGTON
LESLIE G. WHITMER
CLERK U S DISTRICT COURT

LEXMARK INTERNATIONAL, INC.

v.    **INTERIM PROTECTIVE ORDER AGAINST UNAUTHORIZED USE**
      **OR DISCLOSURE OF CONFIDENTIAL INFORMATION**

STATIC CONTROL COMPONENTS, INC.                              DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

It is stipulated and agreed by and between counsel for the parties, Plaintiff, Lexmark International Inc. ("Lexmark") and Defendant, Static Control Components, Inc. ("Static") that the terms and conditions of this Interim Protective Order shall be applicable to and govern depositions, documents and tangible things produced in response to requests for production thereof, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure as well as testimony adduced at a preliminary injunction hearing.

It is hereby ORDERED as follows:

1.    **DESIGNATION OF CONFIDENTIAL MATERIALS**

A.    Any party to this action or any third party subject to discovery in this action shall have the right to designate as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" any information, document, or thing it believes in good faith constitutes or embodies matter containing or reflecting highly sensitive financial information, security or technological measures, ongoing research and development projects, computer source code, trade secrets, non-public research or other similar non-public information, confidential or proprietary information, or information covered by a legitimate privacy right or interest the disclosure of which will harm the producing party's competitive position if it becomes known to a party other than the

producing party. The party making such a designation is hereafter referred to as a "designating party," and the party receiving designated materials is hereafter referred to as a "receiving party."

"Confidential - Outside Counsel Only" shall not include any information, document or thing which:

    (i)     at the time of the disclosure hereunder is available to the public; or

    (ii)    after disclosure hereunder becomes available to the public through no act, or failure to act, by the receiving party; or

    (iii)   the receiving party can show (a) was already known to the receiving party; (b) was independently developed by the receiving party; or (c) was received by the receiving party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

Any information, document, thing, or deposition page designated "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," copies thereof, information obtained therein, and any summaries, charts or notes containing such information, shall be "Confidential - Outside Counsel Only."

B. Each document or thing provided to the receiving party, or any portion thereof, each interrogatory answer or portion thereof, and each answer to a request for admission or portion thereof which discloses information deemed by the supplying party in good faith to be "Confidential – Outside Counsel Only" subject to the provisions of this Protective Order shall be so designated by affixing thereon the legend "CONFIDENTIAL – OUTSIDE COUNSEL ONLY." Such designation shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served, or when the document or thing, or copy thereof, is provided to the receiving party. All documents, or any portion thereof, produced for inspection (but not yet provided to the inspecting party) shall be presumptively deemed to contain "Confidential – Outside Counsel Only" subject to the provisions of this Protective Order, regardless of whether so identified by the legend "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," until copies thereof are provided to the inspecting party.

2

C.     If, during a deposition, a question is asked which calls for a party's "Confidential - Outside Counsel Only" to be disclosed as part of the answer, any party to this action or the deponent may indicate on the record that, that portion is confidential and that answer shall be placed in a separate confidential transcript (hereinafter "CONFIDENTIAL TRANSCRIPT") which shall be identified as "CONFIDENTIAL - OUTSIDE COUNSEL ONLY," and shall be separately signed by the witness. In addition, any party within ten (10) calendar days of receipt of the transcript may designate any additional portion of the transcript as "Confidential - Outside Counsel Only," provided that the party circulates a copy of the entire transcript with the designated portion marked. Each party shall then bear the responsibility of reorganizing his copy of the transcript to protect the newly designated portion. To that end, the entire transcript shall be treated as "Confidential - Outside Counsel Only," until the time to re-designate has expired. In addition, the deponent, during the ten (10) day period may show the deposition transcript to other persons who are bound by this Protective Order and who already have access to the material which is or may be designated "Confidential - Outside Counsel Only." If no portions of the transcript are designated as "Confidential - Outside Counsel Only," by any party to this action or by the deponent within the ten (10) days, the transcript shall be considered not to contain any "Confidential - Outside Counsel Only." Counsel for each party to this action shall be responsible for marking the designated portions of copies of the transcript in their possession with the legend listed in paragraph 1(B) if written notice is provided within the ten (10) days. With regard to designations made during the deposition, the designating party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter, and such other persons bound by this Protective Order, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated as "Confidential – Outside Counsel Only" under this Protective Order.

D.     Counsel for any party producing documents may mask any material contended to be protected from disclosure by the attorney-client privilege or the work-product immunity, and may produce documents either in a masked or unmasked form. Counsel for the producing party shall bring to the attention of the receiving party and identify any documents produced in masked

form and the portions masked at the time when the document is produced. In the event of disagreement, litigation counsel for the receiving party shall identify those portions of the documents which are contended should be produced in unmasked form and shall state why such portions are believed not subject to the attorney-client privilege or the work-product immunity. In the event the producing entity continues to refuse to produce the documents with those portions unmasked, counsel for the receiving party may seek a determination by the Court that such masked portions should be produced.

E.     If inspection, measuring, testing, sampling or photographing of a party's processes, products, equipment, premises or other property pursuant to Rule 34, Fed. R. Civ. P., or by agreement, will reveal or disclose confidential information, the producing party shall advise the party or parties seeking the discovery in advance that the inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis and that material discovered and the information derived from that material shall be treated as "Confidential – Outside Counsel Only" subject to the terms of this Protective Order. Subject to the provisions regarding inadvertent disclosure (paragraphs 8(E) and 8(F)), or unless otherwise agreed by the parties to this action or ordered by the Court, any confidentiality is waived if the producing party fails to advise the party or parties seeking the discovery in advance that any inspection, measuring, testing, sampling or photographing will be permitted only on a confidential basis. If photographing or taping of premises, products, equipment, processes or other property is made which the producing entity has advised in advance reveals "Confidential Information," pictures or tapes shall bear the legend "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" on the photograph or videotape itself, and on any exterior packaging of the same.

## 2.     RESTRICTION ON DISCLOSURE OF DESIGNATED MATERIALS

A.     No information, documents or things identified as "Confidential – Outside Counsel Only" under paragraphs 1(A)-(E) shall be disclosed to any person or entity except as set forth in this Protective Order. No person shall use any information, documents or things identified as "Confidential – Outside Counsel Only" except for purposes of preparation and trial

of this action. Nothing contained in this Protective Order shall affect the right of the designating party to disclose or use for any purpose the information, documents or things produced and/or designated by it as "Confidential – Outside Counsel Only."

B.      Subject to paragraphs 2(C), 2(D), 2(E), and 2(F), and any further Order of the Court, information, documents and things designated as "Confidential – Outside Counsel Only" shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

(i)      Banner & Witcoff, Ltd., Stoll, Keenon & Park, LLP, Wyatt, Tarrant & Combs, LLP, McDermott, Will & Emery, their partners, shareholders, and associates who are working on this action on behalf of any party, and the paralegal assistants, stenographic, and clerical employees working under the direct supervision of such attorneys;

(ii)      independent experts and consultants who are expressly retained or sought to be retained by any attorney described in paragraph 2(B)(i) to assist in the preparation or trial of this action, with disclosure only to the extent necessary to perform such work. Independent experts or consultants, as used in this paragraph, shall not include any person employed by or associated with a party. "Confidential – Outside Counsel Only" shall not be disclosed to any independent expert or consultant until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging that he or she has read a copy of this Protective Order and agrees to be bound by its terms. However, no information, documents or things designated as "Confidential – Outside Counsel Only" shall be disclosed to any independent experts or consultants until at least ten (10) business days have lapsed following written notice to the designating party of the expected disclosure to the proposed experts or consultants (with the exception that this period shall be shortened to 3 business days during expedited discovery for purposes of the preliminary injunction hearing). With the written notice shall be included a fully executed copy of Exhibit A completed by the proposed expert or consultant, along with said expert or consultant's curriculum vitae. If the designating party makes a written objection to the proposed expert or consultant within the ten (10) day period (or 3 day period for expedited discovery), and if the parties cannot resolve the issue, and within fifteen (15) days (or 5 days for

5

expedited discovery) brings an expedited motion to preclude such disclosure, no disclosure of the designating party's information designated as "Confidential – Outside Counsel Only" may be made to the proposed expert or consultant until the Court rules on such expedited motion. Such objection shall be based on good faith;

        (iii)    court reporters performing services in connection with this action;

        (iv)    the Court or its staff in connection with the Court's administration and adjudication of this action; and

        (v)    outside vendors who perform microfiching, photocopying, computer classification, translation, or similar clerical functions in connection with this action, but only for so long as necessary to perform those services.

        C.    The designation of any document as "Confidential – Outside Counsel Only" shall not preclude any party from showing the document to any person (a) who appears as the author or as an addressee on the face of the document and is not otherwise shown prior to such disclosure not to have received the document, or (b) who has been identified by the designating party as having been provided with the document or with the information therein.

        D.    In the event that any information designated as "Confidential – Outside Counsel Only" is used in any court proceeding in connection with this litigation, it shall not lose its status as "Confidential – Outside Counsel Only" through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.

        E.    Any attorney who receives access to materials designated by the opposing/producing party as "Confidential - Outside Counsel Only" shall refrain for a period of two (2) years from the final disposition of this action, whether by judgment (including exhaustion of all appeals), settlement or otherwise from prosecuting, or supervising or assisting in the prosecution of patent applications related in any way to printer technology or solutions. Nothing in this provision shall limit the right of a producing party's attorney from prosecuting, supervising or assisting in the prosecution of patent applications related in any way to printer technology or solutions if that attorney reviews his client's information designated as

"Confidential - Outside Counsel Only," but not materials designated by the opposing/producing party as "Confidential - Outside Counsel Only."

F. Any materials designated by the designating party as "Confidential Information - Outside Counsel Only" and "Source Code" may be copied by the receiving party as long as the receiving party maintains a log of the number and extent of such copies made.

## 3. FILING DESIGNATED MATERIALS

In the event that a party wishes to use material designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" (including, *inter alia*, transcripts of depositions, exhibits, physical evidence, answers to interrogatories of requests for admission, briefs, and memoranda, which comprise, excerpt, reproduce, paraphrase, or contain "Confidential Information," or information taken therefrom) in any affidavit, brief, memoranda of law or other paper filed in Court in this litigation, such information designated as "Confidential – Outside Counsel Only" shall be filed under seal. Such documents or things shall be filed with and kept by the Clerk of the Court in sealed envelopes or other appropriately sealed containers on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed envelope or container, the identity of the party filing the materials, the legend "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER", and a statement substantially in the following form:

> This envelope (container) contains documents (things) subject to the Protective Order entered in this action. It is not to be opened nor the contents thereof displayed, revealed, or made public, except by written order of the Court.

No such sealed envelope or container shall be provided to any party or person, other than counsel of record, except upon further written order of the Court. Any such order shall specifically identify by name and address the person(s) who may have access to the sealed file and shall specifically designate the portion(s) of the sealed file to which such person(s) may have access and the restrictions upon his or her use or disclosure of such materials. The foregoing provision shall not prevent an appropriately marked second copy of any paper specifically

intended for review by the Court being hand delivered to the Court to assure that the same is brought promptly to the Court's attention.

### 4. CANCELLATION OF DESIGNATION

The receiving party may request the designating party to redesignate information designated as "Confidential – Outside Counsel Only." Such request shall be by written notice to counsel for the designating party. The written notice shall particularly identify the material or information designated "Confidential – Outside Counsel Only" that the receiving party seeks to have redesignated. If the dispute cannot be resolved informally within seven (7) business days, a motion for further disclosure or reclassification may be filed with the Court. Pending the Court's determination of any motion contesting a designation of information designated as "Confidential – Outside Counsel Only," the material shall be deemed "Confidential – Outside Counsel Only" as designated. Thereafter, such material shall be treated in accordance with the Court's order.

### 5. NOTICE

All notices and objections required by this Protective Order are to be served via facsimile with confirmation by regular mail to the appropriate attorney(s) at Banner & Witcoff, Ltd., Stoll, Keenon & Park, LLP, Wyatt, Tarrant & Combs, LLP, and McDermott, Will & Emery. The date by which a party to this action receiving a notice or objection shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile was received. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

### 6. DISPOSITION OF DESIGNATED MATERIALS AT TERMINATION OF THE CASE

A.   Termination of proceedings shall not relieve any person from the obligations of this Protective Order, unless the Court orders otherwise.

B.    With respect to any documents or things that have been filed with the Court under the provisions of paragraph 3, upon termination of this action, the ultimate disposition of any such documents or things, including all copies or summaries of or excerpts from such documents which may have been made, shall be as directed by the Court upon completion of the litigation.

C.    With respect to any information, documents or things designated as "Confidential – Outside Counsel Only" that have not been filed with the Court, within forty five (45) days after the final adjudication of this case including appeals, or resolution through settlement, unless otherwise agreed to in writing by an attorney of record for the designating party, each party to this action shall either (a) assemble and return all information and material designated as "Confidential – Outside Counsel Only," including all copies thereof, to the party or person from whom the information designated as "Confidential – Outside Counsel Only" was obtained; or (b) certify in writing that all such information and material has been destroyed, except that counsel for the parties to this action may retain copies of court filings containing information designated as "Confidential – Outside Counsel Only" providing that such filings will be held for their internal use only, subject to the continuing obligations imposed by this Protective Order. A party need not destroy or discard its own documents that it marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." A party to this action which has disclosed information designated as "Confidential – Outside Counsel Only" to those parties or persons identified in paragraphs 2(B) or 2(C) is responsible for obtaining all documents or things containing the designation "Confidential – Outside Counsel Only" from those parties or persons, and for disposing of those documents or things in a manner provided for in this paragraph.

7.    **AMENDMENTS AND EXCEPTIONS BY ORDER OF THE COURT**

This Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any party to this action, or any third party subject to discovery in this action or any party or individual who agrees to be bound by the terms of this Protective Order to move for relief from any of its provisions, or seek agreement of the parties to this action for different or additional protection for any particular information, documents or things.

## 8. GENERAL PROVISIONS

A. Information designated as "Confidential – Outside Counsel Only" shall be held in confidence by each person to whom it is disclosed, shall be used by the receiving party only for purposes of this action and no other purpose, shall specifically not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information under this Protective Order. All information designated as "Confidential – Outside Counsel Only" shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B. The designation of information, documents or things as "Confidential – Outside Counsel Only" pursuant to this Protective Order shall not be construed as a concession that such information is relevant or material to any issues or is otherwise discoverable. Nor shall the inspection or receipt by a party to this action of information, documents or things designated as "Confidential – Outside Counsel Only" hereunder constitute a concession that the information, documents or things are confidential. If, subsequent to the inspection or receipt of information, documents or things identified as "Confidential – Outside Counsel Only" hereunder, a party to this action wishes the Court to rule upon the designating party's claim of confidentiality, that party may move the Court for such determination (*see* paragraph 4). In the resolution of such motion, the moving party shall have the obligation to show a good-faith basis for contending that the information, documents or things are not confidential. Thereafter, the designating party which made the claim of confidentiality shall have the burden of establishing the confidentiality of the information, documents or things.

C. Nothing in this Protective Order shall require disclosure of information, documents or things that the designating party contends is protected from disclosure by the

attorney-client privilege or the work-product immunity. This will not preclude any party to this action from moving the Court for an order directing the disclosure of such information, documents or things.

D.    Nothing in this Order shall constitute a waiver of a party's right to object to the production of information, documents or things which on any ground.

E.    The inadvertent or unintentional disclosure by the producing party of information, documents or things which it believes should have been designated as "Confidential – Outside Counsel Only," regardless of whether the information, documents or things were so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the producing party notifies the receiving party promptly upon discovery of the inadvertent or unintentional failure to designate. If a producing party through inadvertence produces or provides discovery of any information designated as "Confidential – Outside Counsel Only" without marking it as "CONFIDENTIAL OUTSIDE COUNSEL ONLY" or otherwise designating it as "Confidential – Outside Counsel Only" as provided in paragraph 1, the producing party may give written notice to the receiving party or parties that the information or material is designated as "Confidential – Outside Counsel Only" and should be treated in accordance with the provisions of this Protective Order. The receiving party or parties must treat such information or material as "Confidential – Outside Counsel Only" from the date such notice is received. Disclosure of such information or material prior to receipt of such notice to persons not authorized to receive information designated as "Confidential – Outside Counsel Only" shall not be deemed a violation of this Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is "Confidential – Outside Counsel Only" and must be treated in accordance with this Protective Order.

F.    If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, the producing party

11

may give written notice to the receiving party or parties that the information or material is subject to a claim of attorney-client privilege or work product immunity and request that the information or material be returned to the producing party. The receiving party or parties shall return to the producing party such information or material. Return of the information or material by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned information or material is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the court for an order that such information or material has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.

G. Nothing in this Protective Order shall foreclose the producing party from disclosing its own information, its own documents or things designated as "Confidential – Outside Counsel Only" hereunder to others if it so chooses, and any such disclosure shall not constitute a waiver or relinquishment of the "Confidential – Outside Counsel Only" designation applicable to such materials or the protection afforded by such designation.

H. The terms and provisions of this Protective Order shall be binding on the parties to this action and their counsel as of the date on which the last party signs ("Effective Date").

I. This Protective Order shall survive the final adjudication of this litigation (including any appellate proceedings), to the extent information or material so designated remains "Confidential – Outside Counsel Only" as defined in paragraph 1(A and B) above.

Name: *Vincent J. Cole*
Title: *Vice President, General Counsel*
Lexmark International, Inc. *+ Secretary*
740 New Circle Road
Lexington, Kentucky 40550

Charles E. Shivel, Jr.
William L. Montague, Jr.
Steven B. Loy
Stoll, Keenon & Park, LLP
300 W. Vine Street, Ste. 2100
Lexington, Kentucky 40507

Joseph M. Potenza
Banner & Witcoff, Ltd.
1001 G. Street, N.W., 11th Floor
Washington, DC 20001

12

Christopher J. Renk
Binal J. Patel
Jason S. Shull
Banner & Witcoff, Ltd.
10 S. Wacker Dr., Ste. 3000
Chicago, Illinois 60606

Attorneys for the Plaintiff,
**Lexmark International, Inc.**

_____
W. Craig Robertson, III
E. Christine Lewis
Wyatt, Tarrant & Combs, LLP
250 W. Main Street, Ste. 1600
Lexington, Kentucky 40507

William H. Hollander
Steven L. Snyder
Wyatt, Tarrant & Combs, LLP
Citizens Plaza
500 W. Jefferson Street
Louisville, Kentucky 40202

Seth Greenstein
Melise R. Blakslee
McDermott, Will & Emery
600 13th Street, N.W.
Washington, D.C. 20005

Attorneys for the Defendant,
**Static Control Components, Inc.**

_____
Name:  William London
Title:  Vice President
Static Control Components, Inc.
3010 Lee Avenue
Post Office Box 152
Sanford, North Carolina 27331

Entered this 25th day of January, 2003.

_____
KARL FORESTER
JUDGE, UNITED STATES DISTRICT COURT

13

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## LEXINGTON DIVISION
## CASE NO. 02-571-KSF

LEXMARK INTERNATIONAL, INC.                                      PLAINTIFF

v.

STATIC CONTROL COMPONENTS, INC.                                  DEFENDANT

*** *** *** *** *** *** *** *** ***

**UNDERTAKING OF:**_____

State of _____

County of _____

      I, _____, declare as follows:

    1.    My business address is _____

    2.    My present employer and the address of my present employer (if different from above) are ____.

    3.    My present occupation or job description is _____.
My job title is _____.

    4.    The purpose of my receiving confidential information in this action is _____
_____.

    5.    I have received a copy of the Protective Order in this action.

    6.    I have carefully read and understand the provisions of the Protective Order.

    7.    I agree to be bound by the terms of the Protective Order.

8. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of this action, any "Confidential Information – Outside Counsel Only" which is disclosed to me.

9. I will return all "Confidential Information – Outside Counsel Only" which comes into my possession, and documents or things, which I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

10. I hereby submit myself to the jurisdiction of the District Court for the Eastern District of Kentucky, Lexington Division, for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____     _____

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that true and correct copies of the foregoing Interim Protective Order Against Unauthorized Use or Disclosure of Confidential Information have been served by U.S. Mail, postage prepaid, on this _____ day of January, 2003 as follows:

Charles E. Shivel, Jr.
William L. Montague, Jr.
Steven B. Loy
STOLL, KEENON & PARK, LLP
300 West Vine Street, Suite 2100
Lexington, KY 40507-1801

Joseph M. Potenza
BANNER & WITCOFF, LTD.
1001 G Street, N.W., 11th Floor
Washington, D.C. 20001

Christopher J. Renk
Binal J. Patel
BANNER & WITCOFF, LTD.
10 S. Wacker Drive, Suite 3000
Chicago, IL 60606

W. Craig Robertson III.
E. Christine Lewis
Wyatt, Tarrant & Combs, LLP
250 West Main Street, Suite 1600
Lexington, KY 40507

William H. Hollander
Steven L. Snyder
Wyatt, Tarrant & Combs, LLP
Citizens Plaza
500 West Jefferson Street
Louisville, KY 40202-2898

Seth D. Greenstein
McDermott, Will & Emery
600 13th Street, N.W.
Washington, D.C. 20005-3096

William L. London
Static Control Components, Inc.
3010 Lee Avenue
P.O. Box 152
Sanford, North Carolina 27331

_____

Clerk, U.S. District Court