UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON



Eastern District of Kentucky
**FILED**
MAY 24 2004
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 02-571-KSF

LEXMARK INTERNATIONAL, INC.                                                                                      PLAINTIFF

V.                          **MEMORANDUM OPINION & ORDER**

STATIC CONTROL COMPONENTS, INC.                                                                                  DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the Plaintiff, Lexmark International, Inc. ("Lexmark"), for entry of a permanent protective order [DE #148] and the cross-motion of the Defendant, Static Control Components, Inc. ("Static Control") for entry of a permanent protective order in the form of the interim protective order [DE #165]. Having been fully briefed, these motions are ripe for review.

**I.      INTRODUCTION**

On January 28, 2003, the Court entered an interim protective order that permitted both parties to designate evidence as confidential and limit its disclosure to outside counsel. At the close of expedited discovery, the parties agreed to continue to conduct discovery under the terms of the interim protective order until such time that the Court entered a permanent protective order.

On September 11, 2003, Lexmark filed its motion for entry of a permanent protective order. In its motion, Lexmark requests that certain of its in-house attorneys, namely Charles S.

Kratzer, Robert J. Patton, Andrew J. Logan, and Vincent J. Cole, be allowed access to Static Control's confidential information. Lexmark contends that it is appropriate for these attorneys to have access to Static Control's confidential information because none of these attorneys participate in Lexmark's competitive business decision-making, and because the denial of access would prejudice Lexmark because it would be unable to provide essential assistance and direction to the company's outside counsel.

On November 20, 2003, Static Control filed its cross-motion for entry of a permanent protective order in the form of the interim protective order. Static Control contends that it is improper to provide Lexmark's in-house attorneys with access to its confidential information because these attorneys do participate in Lexmark's competitive business decision-making and there would be a significant risk of inadvertent disclosure of the confidential information should Lexmark's in-house attorneys be granted access. Static Control claims that these factors outweigh any prejudice that Lexmark might face by continuing with discovery under the terms of the interim protective order.

## II. ANALYSIS

Both parties have relied upon *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984) in their memoranda in support of their motions. The decision does appear to be the leading authority on the issues of in-house counsel access to an opposing party's confidential information. *See Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992), *Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577 (Fed. Cir. 1992). In *U.S. Steel*, the United States Court of Appeals for the Federal Circuit held that courts should not draw a distinction between in-house and outside counsel when determining whether attorneys should

have access to an opposing party's confidential information. The Federal Circuit specifically stated as follows:

> Whether an unacceptable opportunity for inadvertent disclosure exists, however, must be determined, as above indicated, by the facts on a counsel-by-counsel basis, and cannot be determined solely by giving controlling weight to the classification of counsel as in-house rather than retained.

*Id.* at 1468. The Federal Circuit determined that, in an effort to avoid inadvertent disclosure of confidential information, courts should review whether the attorneys are involved in "competitive decision-making," a term that is "serviceable as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor. *Id.* n. 3.

Lexmark contends that the attorneys at issue in these motions do not participate in competitive business decision-making. In support of this contention, each of the attorneys have submitted sworn declarations and supplemental declarations explaining their respective roles in Lexmark's legal department. All of the declarations contain statements offered to show limited involvement in Lexmark's competitive business decision-making. For example, Mr. Kratzer states as follows:

> I do not have the authority to control decisions in the areas of competitive sales, marketing, pricing, product design, development or research. I do not actually make any business decisions for Lexmark. I do not have any decision-making authority concerning competing products, marketing strategies or Lexmark's strategic planning efforts. I have no authority to decide whether to sell a particular product or engage in a particular marketing campaign or how to price Lexmark's goods and services. I am not involved with the selection of vendors or the competitive business terms contained in purchase orders and contracts.

(Kratzer Declaration, ¶ 4). The language in the declarations offered by Messrs. Cole, Patton, and Logan parallels the language contained in Kratzer's declaration. None of the in-house attorneys

3

deny being involved in competitive business decision-making, but all disclaim any ultimate decision-making authority over competitive business issues.

The supplemental declarations submitted by the attorneys go into greater detail about their respective roles in Lexmark's legal department. These supplemental declarations reveal that the attorneys provide legal advice to Lexmark officials on all of the following: (1) technological measures for the T-Series printer line that is involved in this litigation; (2) the ability to allow others to refill or remanufacture toner cartridges for the T-Series printer line; (3) legal issues surrounding the design, marketing, manufacturing and pricing of Lexmark's products, including the T-Series printer line; (4) the Lexmark Prebate program that is involved in this litigation; and (5) technology at issue as it relates to this litigation. (Kratzer Declaration, ¶¶ 3-10; Patton Declaration, ¶¶ 3-10; Logan Declaration, ¶¶ 3-10; Cole Declaration, ¶¶ 3-8).

Static Control contends that the supplemental declarations show that the Lexmark in-house attorneys are involved in Lexmark's competitive business decision-making. The Court agrees with Static Control. Under the Court's reading of *U.S. Steel*, it is irrelevant whether Lexmark's in-house attorneys actually possessed the final decision-making authority on competitive business issues. Rather, the issue for the Court to determine is simply whether the attorneys are involved in the competitive decision-making process. The supplemental declarations submitted by the attorneys clearly show that they are all involved in the process. The Court has no doubt that all of the attorneys would attempt to prevent the disclosure of Static Control's confidential information, but finds that, given the attorneys' involvement in the decision-making process, the risk of inadvertent disclosure is too significant to allow the attorneys access to the confidential information.

The Court recognizes that this decision could be interpreted as being inconsistent with former Chief Judge Wilhoit's decision in *BDT Products, Inc. v. Lexmark Int'l, Inc.*, Civ. No. 99-61 (E.D. Ky.). The Court doesn't find this to be the case. In *BDT Products*, Judge Wilhoit found that the plaintiff had not adequately rebutted the initial declarations provided by Lexmark's in-house attorneys. In that case, the plaintiff merely presented two declarations from BDT's President and attorney setting forth their general understanding of the role that in-house attorneys play in companies such as Lexmark. Judge Wilhoit properly denied the plaintiff's challenge on the ground that doing so would be inconsistent with the holding of *U.S. Steel* because the plaintiffs had failed to show that any of the specific attorneys were involved in Lexmark's competitive business decision-making. In the present case, Static Control has focused on the specific responsibilities of Messrs. Cole, Patton, Logan and Kratzer. Static Control has shown, though the declarations and supplemental declarations submitted by these attorneys, that they are involved in Lexmark's competitive business decision-making process and that there is a significant risk of inadvertent disclosure of confidential information. The Court is unable to adequately reduce this risk without preventing the in-house attorneys from having access to the confidential information. Accordingly, the Court will deny Lexmark's motion for entry of a permanent protective order and grant Static Control's cross-motion for entry of a permanent protective order in the form of the interim protective order.

III. CONCLUSION

Based on the foregoing, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that:

(1) Lexmark's motion for entry of a permanent protective order [DE #148] is DENIED;

(2) Static Control's cross-motion for entry of a permanent protective order in the form of the interim protective order [DE #165] is GRANTED; and

(3) the interim protective order presently in effect is hereby converted to a permanent protective order governing disclosure of confidential information in this case.

This 24th day of May, 2004.

*signature*

KARL S. FORESTER, CHIEF JUDGE

U.S. District Court

Eastern District of Kentucky

Notice of Electronic Filing

The following transaction was received from Moore, Lisa entered on 5/25/2004 at 4:11 PM CDT and filed on 5/24/2004
**Case Name:** Lexmark Intl v. Static Control Cmpnt
**Case Number:** 5:02-cv-571
**Filer:**
**Document Number:** 195

**Docket Text:**
MEMORANDUM OPINION & ORDER, ORDERED: (1) [148] Motion by Lexmark for Permanent Protective Order is DENIED (2) [165] Cross-Motion by Static Control entry of Permanent Protective Order is GRANTED (3) the interim protective order presently in effect is hereby converted to a permanent protective order governing disclosure of confidential information in this case. Signed by Judge Karl S. Forester. (LKM)cc: COR

The following document(s) are associated with this transaction:


**5:02-cv-571 Notice will be electronically mailed to:**

**5:02-cv-571 Notice will not be electronically mailed to:**

Amici Law Professors
American University
4801 Massachusetts Avenue, NW
Washington College of Law
Washington, DC 20016

William H. Barrett
McDermott, Will & Emery
600 13th Street NW
Washington, DC 20005-3096

Basel Action Network
c/o James H. Puckett
1305 Fourth Avenue
Suite 606
Seattle, WA 98101

Melise R. Blakeslee
McDermott, Will & Emery
600 13th Street NW
Washington, DC 20005-3096

Ann M. Brose
McDermott, Will & Emery
600 13th Street NW
Washington, DC 20005-3096

Computer & Communications Industry Association
666 Eleventh Street NW
Washington, DC 20001

Michael J. Conlon
Conlon, Frantz, Phelan, Pires LLP
1818 N. Street, NW
Suite 700
Washington, DC 20036

John R. Fuisz
McDermott, Will & Emery
600 13th Street NW
Washington, DC 20005-3096

Grassroots Recycling Network
c/o Bill Sheehan, Ph.D.
197 Park Avenue
Athens, GA 30601

Seth D. Greenstein
McDermott, Will & Emery
600 13th Street NW
Washington, DC 20005-3096

William H. Hollander
Wyatt, Tarrant & Combs
500 W. Jefferson Street
PNC Plaza
Louisville, KY 40202

Hanly A. Ingram
Stoll, Keenon & Park, LLP
300 W. Vine Street
Suite 2100
Lexington, KY 40507-1380

International Imaging Technology Council
International Imaging Technology Council
2501 Cove Road
Las Vegas, NV 89128

George W. Keeley
Keeley, Kuenn & Reid
Automotive Aftermarket Industry
150 N. Wacker Drive
Suite 1100
Chicago, IL 60606

Eva Christine Lewis
Wyatt, Tarrant & Combs LLP
250 W. Main Street
1700 Lexington Financial Center
Lexington, KY 40507-1746

Steven Brian Loy
Stoll, Keenon & Park, LLP
300 W. Vine Street
Suite 2100
Lexington, KY 40507-1380

Timothy C. Meece
Banner & Witcoff, Ltd.
10 S. Wacker Drive
Suite 3000
Chicago, IL 60606

Stefan M. Meisner
McDermott, Will & Emery
600 13th Street NW
Washington, DC 20005-3096

William L. Montague
Stoll, Keenon & Park, LLP
300 W. Vine Street
Suite 2100
Lexington, KY 40507-1380

Binal J. Patel
Banner & Witcoff, Ltd.
10 S. Wacker Drive
Suite 3000
Chicago, IL 60606

Joseph M. Potenza
Banner & Witcoff, Ltd.
1001 G Street NW
11th Floor
Washington, DC 20001

Christopher J. Renk
Banner & Witcoff, Ltd.
10 S. Wacker Drive
Suite 3000
Chicago, IL 60606

W. Craig Robertson
Wyatt, Tarrant & Combs LLP
250 W. Main Street
1600 Lexington Financial Center
Lexington, KY 40507-1746

Charles E. Shivel

Stoll, Keenon & Park, LLP
300 W. Vine Street
Suite 2100
Lexington, KY 40507-1380

Carrie A. Shufflebarger
McDermott, Will & Emery
600 13th Street NW
Washington, DC 20005-3096

Jason S. Shull
Banner & Witcoff, Ltd.
10 S. Wacker Drive
Suite 3000
Chicago, IL 60606

Silicon Valley Toxics Coalition
c/o Ted Smith
760 N. First Street
San Jose, CA 95112

Steven L. Snyder
Wyatt, Tarrant & Combs
500 W. Jefferson Street
PNC Plaza
Louisville, KY 40202

Matthew F. Weil
McDermott, Will & Emery
18191 Von Karman Avenue
Suite 500
Irvine, CA 92612-0187

Bernt W. von Grabe
887 Sugarhouse Court
Fort Orange, FL 32129